**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 06 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUNG VIET VU, | No. 10-16686 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-00495-MCE-GGH |
| v. | |
| RICHARD KIRKLAND | MEMORANDUM[*] |
| Respondents - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Submitted October 13, 2011[**]
San Francisco, California

Before: HUG, KLEINFELD, and W. FLETCHER, Circuit Judges.

The district court did not abuse its discretion in declining to accept

Appellant's untimely habeas petition <u>nunc pro tunc</u> to a timely date.  <u>See</u> <u>Marx v.</u>

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  <i>See</i> Fed. R. App. P. 34(a)(2).

Loral Corp., 87 F.3d 1049, 1054 (9th Cir. 1996) (applying abuse of discretion standard to nunc pro tunc order). The district court weighed all relevant factors—including the fault attributable to Appellant and Appellant's attorney in filing the petition beyond the one-year statute of limitations—and concluded that the totality of factors weigh against accepting the petition nunc pro tunc. See Martinez v. Court of Appeal, 528 U.S. 152, 162 (2000) ("[T]he trial judge is under no duty to provide personal instruction on courtroom procedure or to perform any legal 'chores' for the defendant that counsel would normally carry out."); cf. Anthony v. Cambra, 236 F.3d 568, 574 n.1 (9th Cir. 2000) (finding district court acted within its discretion when it corrected its *own* error by accepting untimely habeas petition nunc pro tunc). Further, the district court did not err in concluding that dismissal of the petition would not work a harsh result because the claims in the untimely petition lacked probable merit. See Martin v. Henley, 452 F.2d 295, 299 (9th Cir. 1971) ("The power to amend nunc pro tunc is a limited one, and may be used only where necessary to correct a clear mistake and prevent injustice.").

AFFIRMED.